UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS RAY EDWARDS,

    Plaintiff,

    v.                                                   CAUSE NO.: 3:18-CV-977-JD-MGG

STATE OF INDIANA, et al.,

    Defendants.

## OPINION AND ORDER

Marcus Ray Edwards, a prisoner without a lawyer, filed a complaint titled "U.S.C. 1983 Civil Rights Complaint." (ECF 1.) A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Edwards has named the State of Indiana and the South Bend Police Department as defendants. His allegations are unclear, but he appears to be alleging that he was wrongfully arrested, or wrongly charged and convicted with attempted burglary in the St. Joseph Superior Court. Edwards asks that his state criminal case be reopened, that the charges be dismissed or that he be sentenced to a lesser offense, and for other proper relief.

To the extent that Edwards is seeking release from jail, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Edwards should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case. The clerk will send him a blank conviction habeas form and *in forma pauperis* form for his use, if he decides to file a habeas petition challenging his conviction.

It may be that Edwards is alleging he was falsely arrested by a member of the South Bend Police Department. However, the existence of probable cause is an "absolute bar" to a Fourth Amendment false arrest claim. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). An officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *Id.* at 707. Here, documentation submitted with the complaint shows that Edwards was arrest pursuant to a warrant. "Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation." *Juris v. McGowan*. 957 F.2d 345, 350, (7th Cir. 1992) Thus, he has not plausibly alleged a claim for false arrest.

It may be that Edwards is alleging malicious prosecution, but he has not stated a plausible claim for malicious prosecution either. This is because any such claim would not accrue unless and until the criminal proceedings have terminated in Edwards' favor

2

(i.e., acquittal or dismissal of the charges). *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899-900 (7th Cir. 2001). Therefore, this claim must be dismissed. If Edwards is acquitted of the criminal charges or they are otherwise dismissed at some time in the future, he may file a new lawsuit reasserting his malicious prosecution claim. But for now, he has no such plausible claim.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim; and

(2) DIRECTS the clerk to send Marcus Ray Edwards a blank habeas corpus petition, AO-241 (Rev. 1/15) (Conviction, INND Rev. 8/16) and a blank prisoner *in forma pauperis* petition.

SO ORDERED on December 18, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3